[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: DEFENDANT'S MOTION TO RECONSIDER (#173)
With regard to this motion to reconsider[1], the court has again reviewed the entire reconstructed file, the statutes and legal authorities, and the documentation previously submitted by the pro se defendant.[2] As stated in the prior ruling CT Page 6007 (5/18), no testimony was presented on the application to dissolve the mechanic's lien. The amount of the lien being foreclosed is $25,167.22; defendant, requesting that the mechanic's lien be dissolved, offers substitution of a bond, with surety (or preferably, upon her own "recognizance") in an amount of $14,000. Upon further review of the record (i.e. the entire reconstructed court file, including the transcript of the prior proceeding before Judge Langenbach, and the submitted documentation), the court is unable to conclude that defendant/applicant offers bond, with surety, "in such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs."
Plaintiff has requested that any surety bond substituted for the existing lien be in the amount of $25,000, as more particularly set forth in my prior ruling (5/18). That amount is commensurate with the apparent value of plaintiff's claim for materials supplied; on the documentation before the court, I am unable to find that the amount of this mechanic's lien is manifestly excessive, or that the amount of plaintiff's claim is clearly less than the amount of its existing lien. The court is aware of the remedial intent underlying the statutory scheme relating to mechanic's liens; the statutes are intended to permit the property owner to secure a dissolution of the lien, and thereby avoid restricting alienation of the property interest, provided the lienor's rights are not prejudiced by such dissolution.[3] Defendant, on the status of the record in this case, is statutorily I entitled to have the existing lien dissolved upon substitution of a bond, with sufficient surety, in an amount equivalent to that of the existing lien ($25,000), with interest and costs, which, in this court's view, based on what has been provided, constitutes "such amount as a court of competent jurisdictionmay adjudge to have been secured by the lien." A court assuredly would authorize a bond in that amount, with sufficient surety, if offered, in substitution of the existing lien.[4] Upon substitution of a bond, with sufficient surety,
in such amount, procedures to undertake to secure a reduction of the amount of said bond would exist under the provisions of Section 49-37(b), which involves a clear and convincing evidence standard; however, the right to so proceed is somewhat circumscribed by the limitation of Section 49-37(b)(4), where the validity of the lien has previously been ruled upon pursuant to Section 49-35a. CT Page 6008
Consistent with the aforesaid, the motion for reconsideration is denied in that the court declines to disturb its May 18, 1995 ruling on defendant's application to dissolve (File #165), for the reason that defendant has not
offered a bond, with sufficient surety, conditioned to pay the lienor, or its assign, such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs. However, defendant, as was agreed to by plaintiff's counsel, may obtain a dissolution of the existing lien by offering a bond, with adequate surety, in the amount of the said lien, with interest and costs, at any time.[5] Reconsideration is also denied with respect to this court's May 18, 1995 holdings on the remaining three motions (File #163, #159 and #167).
Mulcahy, J.